FILED
12/5/2012 MB
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

RECEIVED
FEB 17 2012
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FASCIA EDWARDS

        Plaintiff,

v.

ILLINOIS DEPARTMENT OF FINANCE, PROFESSIONAL )   Civil Action No.
REGULATIONS, (IDFPR), State of Illinois; Richard DiDomenico )
Individually and in his official capacity as Senior Public )
Administrator, Illinois Department of Finance, Professional )   12 C 371
Regulations, (IDFPR)Supervisor; John M. Laguttuta, Senior )
Public Administrator, Individually and in his official capacity ) Judge Marvin Aspen
as Supervisor/Director; Stephanie Kirk, Illinois A&R Shared ) Magistrate:
Services, Individually and in her official capacity as Personnel ) Young B. Kim
Manager; Illinois State Retirement Systems Michelle Hughes, )
Individually and in her official capacity Disability Section )
Clerk-Administrator; Illinois State Retirement Systems; )
Tim Blair, Individually and in his official capacity as Senior Public )
Administrator-Director. )

Defendants,

## AMENDED COMPLAINT

CHECK ONE ONLY:

_X_ COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983 AND 1988 AND THE ENABLING PROVISIONS OF TITLE VII 704 (A) UNDER TITLE VII U.S. CODE TITLE I AND TITLE II OF THE AMERICANS WITH DISABILITIES ACT, AND ADAAA, AS AMENDED, 42 § 12101-21117 ET. SEQ. ("ADA");

I &II -- PLAINTIFF AND DEFENDANTS NAMED ABOVE THEREIN DESCRIBED BELOW:

1.   Richard DiDomenico at all times was a Senior Public Administrator and Attorney for the Illinois Department of Finance, Professional Regulations (IDFPR) and the actions of said Defendant complained of were taken under color of state law, i.e., the cloak of Illinois Department of Finance, Professional Regulations (IDFPR) authority.

2. John M. Laguttuta, Senior Public Administrator/Director and Attorney for the Illinois Department of Finance, Professional Regulations (IDFPR) and the actions of said Defendant complained of were taken under color of state law, i.e., the cloak of Illinois Department of Finance, Professional Regulations (IDFPR) authority.

3. Stephanie Kirk, Personnel Manager, Illinois A&R Shared Services serves as the umbrella employee benefits and personnel record holder arm for the Illinois Department of Finance, Professional Regulations (IDFPR) and the actions of said Defendant complained of were taken under color of state law, i.e., the cloak of Illinois A&R Shared Services authority.

4. Michelle Hughes, Disability Section, Clerk-Administrator, employee pension benefits for the Illinois State Retirement Systems and the actions of said Defendant complained of were taken under color of state law, i.e., the cloak of Illinois State Retirement Systems authority.

5. Tim Blair, as Senior Public Administrator-Director employee pension benefits for the Illinois State Retirement Systems and the actions of said Defendant complained of were taken under color of state law, i.e., the cloak of Illinois State Retirement Systems authority.

III. NAME OF CASE AND DOCKET NUMBER:
    A. FASCIA EDWARDS VS. STATE OF ILLINOIS, DEPARTMENT OF HUMAN SERVICES; 06CV1420

    B. APPROXIMATE DATE OF FILING LAWSUIT:
    2006

    C. Plaintiffs: Fascia Edwards, Atty. George M.Zuganelis and Robert Fioretti
    D. Defendants: Ilinois Department of Human Services,(IHDS), State of Illinois; Roland DeJesus, Scott Reese, Armindo Ayala, Teyonda Wertz, Barbara Jeffers, Chip Piper, Barbie Meyers; Jeffrey Jones
    E. NORTHERN DISTRICT COURT, EASTERN DIVISION
    F. REBECCA PALMEYER
    G. Title VII of the Civil Rights Act of 1964, as amended, Section 704a of the Civil Rights Act of 1964 as amended. EEOC Right to Sue issued.
    H. DISMISSED. HIRED ATTORNEY FAILED TO GIVE NOTICE TO PLAINTIFF, FAILED TO APPEAR OR RESPOND TO DEFENDANT ANSWER WITHIN COURT TIMELINE. HIRED SECOND ATTORNEY BUT PLAINTIFF WAS UNABLE TO OVERCOME DEFECT.
    I. DISPOSITION DATE: 2006
    J. Checked Federal court database no cases found.

III. NAME OF CASE AND DOCKET NUMBER:
  A. FASCIA EDWARDS VS. STATE OF ILLINOIS, DEPARTMENT OF FINANCE, PROFESSIONAL REGULATIONS  No. 1-10-3214

  B. APPROXIMATE DATE OF FILING LAWSUIT:
     2010

  C. Plaintiffs: Fascia Edwards, Prose
  D. Defendants: John M. Laguttuta and Lydia Mills

  E. STATE OF ILLINOIS, APPELLATE COURT, First District
  F. Illinois Personnel Review Act, Department of Labor, Fair Standards Division.
     DISMISSED.
     Cause of Action not stated. Due to negligence Circuit Court failed to exercise due care when preparing the complete record and failed to send a complete record to the Appellate Court containing Appellant's Memorandum of Law and exhibits to satisfy the deficiency and were excluded from Appellate review.
  G. DISPOSITION DATE: 2011
  H. Checked State court database no cases found.

  NAME OF CASE AND DOCKET NUMBER:
  A. FASCIA EDWARDS VS. STATE OF ILLINOIS – IL DEPT FINANCE AND PROF. REGULATIONS  10 WC 21292, 10 WC 21293
  B. APPROXIMATE DATE OF FILING LAWSUIT:
     2010

  C. Plaintiffs: Fascia Edwards, Atty. Louis G. Atsaves, Ltd.
  D. Defendants: John M. Laguttuta and Richard DiDemencio, IDFPR

  E. STATE OF ILLINOIS, Illinois Worker Compensation Commission
  F. Workmen Compensation Hearing
  G. DISPOSTION DATE: 2010
  H. Arbitrator Enforcement Action Issued in Plaintiff favor.

Second Amended complaint filed without attorney counsel. Plaintiff repeats and re-alleges each and every allegation numbered 1-37 of original complaint and exhibits with the same force and effect as if fully set forth herein.

3

IV. STATEMENT OF CLAIM

Plaintiff repeats and re-alleges each and every allegation numbered 1-5 of second amended complaint with the same force and effect as if fully set forth herein.

6. This complaint concerns the deprivation of an employee's federally guaranteed rights by the federally funded employer government agencies and by supervisory employees acting under color of law with respect to the Title I and Title II of the Americans with Disabilities Act, ("ADA") and ADAAA, as amended, 42 § 12101-21117 et. seq. by limiting, segregating, or classifying plaintiff in a way that adversely affected plaintiff's employment opportunity or work status of plaintiff because of the work injury caused by the Defendant.

7. With respect to Title VII, Title 42 Section 1983 and 1988 and the enabling provisions of Title VII 704 (a) under Title VII U.S. Code, the Plaintiff alleges receiving adverse employment actions in retaliation for having engaged in a protected activity. Many of these adverse actions include but not limited to the Defendants unlawful discrimination and conspiracy retaliation that created a hostile work environment against Plaintiff by denying functional medical benefits for treatment of a work injury and docked wages, refusal to provide a job re-assignment and loss of pension benefits for over three years because of her disability.

8. Plaintiff from initial transfer in lieu of layoff to IDFPR Agency was denied the bona fide job duties as described within the CMS #104 Office of Legal Affairs position #13851-13-01-500-40-01. Instead the Defendants forced Plaintiff to work in an isolated, unsafe Records File room that houses about 10,000 files, heavy binders, boxes and other items that led to a work related injury. Plaintiff performed said misclassified duties as required. Defendant Supervisors (Richard DiDemencio and John Laguttuta) employment action was not approved by CMS policy nor sanctioned by any State policy or procedures. On or about January 2010, after a grievance was so filed by the Collective Bargaining Unit, an arbitrated agreement was reached after Plaintiff was subjected to workplace violence and physician counseling for emotional distress to move Plaintiff from the isolated file room area for life safety issues and to her authorized CMS position. Defendant Labor Relations authorized the move for Plaintiff through the Collective Bargaining Unit arbitrated negotiations. Defendant Supervisors refused to honor said agreement. Defendant Supervisors subsequently removed four male workers from the records file room leaving Plaintiff alone to do all heavy lifting and Plaintiff was injured. Defendant Supervisors engaged in authoring an 83 page secret diary of unfounded allegations

4

against Plaintiff in retaliation after Plaintiff filed grievances. The sex, color, race and disability was a motivating factor in the disparate treatment accorded Plaintiff by Defendants and the Department, and in the actions and omissions directed at the Plaintiff, especially those listed in ¶¶8,9,10,11, and 14 and in Exhibits A,B,C. (see original complaint).

9. On June 8, 2009 and June 22, 2009, Plaintiff suffered a work injury while performing heavy lifting duties in a misclassified position. A 911 Ambulance was called to the scene to transport Plaintiff to the hospital. Plaintiff filed a worker compensation claim and began official disability leave July 8, 2009. Defendant Supervisors docked wages on July 2, 2009 in retaliation and created a hostile work environment for the Plaintiff.

10. On or about June 24, 2009, Plaintiff was served with a subpoena to appear within 24 hours before the Illinois Department of Insurance by Defendants Supervisors alleging worker compensation fraud after Plaintiff suffered the injury. The Defendants engaged in conspiracy ADA retaliation against the Plaintiff between the Illinois Professional Finance and the Illinois Director of Insurance (formerly IDFPR Director who resigned the position on or about two months before Plaintiff was injured) to allege wrongdoing against the Plaintiff. The Defendants allegations were submitted to the wrong agency. Plaintiff after receiving proper service from the correct agency was exonerated of all allegations alleged by the Defendants. Plaintiff received written exoneration from the Agency. Defendant retaliatory actions were capricious, malicious and unfounded.

11. On or about July 2009, while plaintiff was on disability leave and with no notification to the Plaintiff, her personnel file was loaded with unfounded allegations and memos to interfere with employment opportunity and career advancement in violation of the Collective Bargaining Labor Agreement, ADA Accommodation policies and CMS Personnel Rules that in effect created a hostile work environment for the Plaintiff. Defendants accused Plaintiff of fraudulent acts against the state without justification or evidence to destroy Plaintiff reputation and good name. The Defendants assert no rational basis for these actions. The Illinois Department of Labor Enforcement Action (see Exhibit-original complaint) instructed Defendants to remove said documents. Defendants refused. Defendants placed misconduct documents in Plaintiff personnel file while Plaintiff was under a disability leave in retaliation. Written certified letter requests that began on or about August 2011 to January 2012 to Defendant Kirk, et.al. to obtain a copy of

Plaintiff personnel file and corrections go unanswered either by telephone or mail. There is no cogent explanation from Defendant Kirk for these actions.

12. On or about January 2010 to June 2010, Plaintiff Physician requested a work accommodation and Plaintiff submitted an ADA request that sought a sedentary position within the Agency that excluded Plaintiff working in the Records File Room. Plaintiff holds a B.A. Degree from Northwestern University, a MBA in Management/Marketing from St. Xaiver University and is a Doctoral candidate at Argosy University. Plaintiff has over 15 years experience in social services/investigations, written communication, curriculum development and public speaking/training. However, no reassignment position was offered due to Plaintiff disability.

13. Plaintiff submitted a CMS physical residual functional capacity assessment as required by Defendants et.al. that restricts Plaintiff weight lifting, climbing, stooping, kneeling, crouching, crawling and reaching functions that are required in the file record room at Defendant workplace. Plaintiff suffered a herniated lumbar disc and lumbar radiculopathy work injury. This is a "disability" as defined within the meaning of ADA as Plaintiff is a "qualified" individual with a disability that substantially limits her major life activities. Plaintiff submitted required CMS physician medical statements to IDFPR and A&R Shared Services for over two years for reassignment that did not materialize. Defendant Personnel Manager, Stephanie Kirk, Illinois A&R Shared Services delivered a letter to Plaintiff on or about September 2009 stating she would assist Plaintiff to return to work. The Plaintiff thereafter received a Disability Accommodation referral letter from Defendant Kirk that eliminated Plaintiff's bona fide CMS position and offered no other position within the Agency as promised by Defendant Kirk. Plaintiff applied for over 30 Administrative CMS graded positions and received one interview with the Department of Insurance in three years on or about November 2011. Job reassignment assistance never materialized and constitutes a reckless indifference toward Plaintiffs federally protected rights as a qualified individual with a disability when it refused to make reasonable accommodations for Plaintiffs known disability.

14. Plaintiffs disability was a motivating factor in the Department actions complained of: only after Plaintiff informed the Department of her diagnosis and inability to continue in a job assignment not within the scope of her bona fide CMS 104 job duties did Defendants refused to provide a reasonable accommodation for the Plaintiff and engaged in a campaign of harassment,

6

retaliation and change in Plaintiffs employment conditions. Plaintiff remains on disability leave of absence since July 8, 2009. The Department refusal to make reasonable accommodation for Plaintiffs known disability constitutes discrimination by a public entity against Plaintiff due to her disability in in violation of ADA and ADAAA as amended.

15. On or about November 2010, Plaintiff confidential HIPPA medical records were violated by Defendants Michelle Hughes and Tim Blair, Illinois State Retirement Systems. Defendant Hughes mailed Plaintiff confidential medical records against HIPPA confidentiality policies to an unnamed source at the Illinois Department of Finance and Professional Regulations and sent Plaintiff a copy of said letter. Plaintiff mailed certified letters to Defendant Tim Blair about the lack of re-assignment assistance, confidentiality, and elimination of Plaintiff bona fide CMS position. Defendant Blair began premature proceedings to terminate Plaintiff's disability medical benefits on or about December 2010. Without approval from the Illinois State Retirement Systems Board, medical benefits were terminated. The Board met in on or about late January 2011 an official notice resolution was mailed to Plaintiff on or about February 2011 informing Plaintiff to return to a human resources position at the Agency as the basis of denial of medical treatment and benefits. Defendant Blair allowed a misclassified job duty statement from Defendant Supervisors without requesting a CMS Job Audit. The weight of Plaintiff evidence demonstrated the correct job duties of her CMS position. Defendant Blair denied Plaintiff medical benefits that other employees similarly enjoy.

16. Plaintiff did not work in Human Resources. Plaintiff alleges a small universe of defendant conspiracy retaliation existed between the Illinois Department of Finance, Professional Regulations (IDFPR), Illinois A&R Shared Services, Illinois Department of Insurance, and the Illinois State Retirement Systems to interfere with plaintiff, disability work reassignment and ADA accommodations, medical treatment/benefits and subject Plaintiff to unfounded fraud allegations that violate Title 42 Section 1983 and 1988 and the enabling provisions of Title VII 704 (a) under Title VII U.S. code, Title I and Title II of the Americans with Disabilities Act, and ADAAA, as amended, 42 § 12101-21117 et. seq. ("ADA"); and departs from normal CMS and IDFPR personnel policy procedural sequences that other similarly situated employees enjoy. Plaintiff alleges a prima facie case of retaliation under Title VII 704(a) and disparate treatment exists where a reasonable person would have construed this treatment as discriminatory and where a person such as Plaintiff; 1) engaged in a protected activity 2) was subjected to adverse

employment actions and work place violence; 3) without notice of intent, Plaintiff was refused ADA accommodation for no rational basis, Plaintiff wages were docked after the injury, unfounded work fraud allegations were leveraged against the Plaintiff for filing a work injury and being disabled, verbal and written warnings were placed in her personnel files while on disability leave, even though Plaintiff was performing her prior job satisfactory and 4) no similarly situated employee who did not engage in the protected activity was treated similar. Defendants denied reasonable accommodation in violation of the ADA and ADAAA as amended that is retaliatory and created a hostile work environment.

17. A copy of the Notice of Right to Sue EEOC Charge Number 440-2009-02595; 440-2011-05990; and 440-2011-05952 is attached hereto as Exhibit A (see original complaint). Plaintiff has complied with administrative prerequisites and timely filed this action.

18. The unlawful, retaliatory and discriminatory practices of the Illinois Department of Finance, Professional Regulations, (IDFPR), A&R Shared Services, and the Illinois State Retirement Systems alleged herein have deprived and continue to deprive Plaintiff of the rights secured to her by Title VII. The standard for evaluating harassment and retaliation is whether a reasonable person in the same or similar circumstance would find the conduct intimidating, hostile or abusive or unreasonably interferes with an individual's work or affects employment opportunities. Defendants are liable for acts perpetrated by those that work for the Agency if they knew or should have known about the conduct and took no immediate appropriate corrective action to stop the retaliation particularly since all described actions against the Plaintiff went through internal chain of command at each Agency.

19. The Defendant Illinois Department of Finance, Professional Regulations, (IDFPR), A&R Shared Services, and the Illinois State Retirement Systems unlawful employment practices toward Ms. Edwards were conceived and carried out intentionally and at every opportunity with malice and/or reckless indifference to her rights under Title VII. Defendants acting individually and in their official capacities, as officials, administrators, and supervisors responsible for establishing and the carrying out of the personnel policies, practices and decisions in each divisions and, particularly those affecting the terms and conditions of employment of the Plaintiff, acting under color of law, intentionally and at every opportunity, knowingly, maliciously and willfully engaged in a pattern and a practice of hostile work environment, harassment and retaliation.

20. As a result of the aforesaid conspiracy acts of the Defendants alleged herein, Ms. Edwards suffered and continues to suffer extreme mental anguish, intense physical pain, emotional distress, anxiety, sleeplessness, humiliation and defamation of her professional abilities that have cost her lost wages, vacation time, pension benefits and the expenditure of funds on medical treatments and for other professionals for almost three years. Excluding Plaintiff from performing her Administrative job duties as recommended by her physician and lost of her bona fide CMS #104 Office of Legal Affairs position #13851-13-01-500-40-01has also cost opportunities for career advancement. Plaintiff engaged in a protected activity by filing a sex, female, race, black and disability charge.

21. Without notice of intent, Plaintiff was subjected to further retaliation after filing an ADA EEOC charge, Collective Bargaining Agreement grievances and Labor complaint as described herein. Defendants vigorously pursued a hostile work environment, workplace cruelty and selective enforcement of Agency policy against the Plaintiff after being injured at the Illinois Department of Finance, Professional Regulations, (IDFPR) to destroy her work product, income earnings, health, reputation, character and other non-pecuniary losses. No white or black males or person without a disability has been subjected to the same treatment as Plaintiff. The actions *of Defendants* DiDomenico, Laguttuta, Kirk, Hughes, and Blair as individuals were enabled *by* and were a result of an established small universe of discriminatory custom and an internal EEOC agency minority documentation demonstrates bias towards minorities and lack of minority hiring practices with the Illinois Department of Finance, Professional Regulations, (IDFPR) Department exercising a "hands *off* policy towards abrogation of legislative administrative policy directives and federal laws" that protect employees of the State. The lack of the Department to take action against those who have discriminated against the Plaintiff, and by failing to remove her from her current hostile and discriminatory environment within the Department, has ratified and prolonged the Department's discrimination. The actions *of* DiDomenico, Laguttuta, Kirk, Hughes, and Blair as individuals were also acts *of* supervisory officials that meet the *source-of-duty test* towards the Plaintiff and individual Defendants has sufficient decision making authority to be attributable to the Department, and the State *of* Illinois.

V. RELIEF: WHEREFORE, Plaintiff asks that this Court:

A. Respectfully requests this court enter a Judgment for Plaintiff Edwards, and prays for a judgment in her favor and against the Defendant Illinois Department of Finance, Professional Regulations, (IDFPR), directing to pay Plaintiff punitive damages and money damages in an amount equal to her lost income and other pecuniary losses for the injuries suffered as result of their tortuous conduct and emotional distress.

B. Grant a permanent injunction enjoining the Defendant Illinois Department of Finance, Professional Regulations, (IDFPR), and A&R Shared Services, its officers, agents, employees, successors and all other persons in active concert or participation with it, from discriminating unlawfully against Ms. Edwards and from retaliating against her at present and in the future for engaging in activities protected by Title VII. By the above acts, Defendants violated Title II by discriminating against Plaintiff because of sex, race and disability in terms, conditions and privileges of her employment. Declare that the acts and practices complained of herein constitute a violation of ADA are forbidden by federal law.

C. Declare that Illinois Department of Finance, Professional Regulations, (IDFPR), A&R Shared Services and the Illinois State Retirement Systems award Ms. Edwards appropriate damages resulting from such unlawful violations and deprivation of her disability rights, including such compensatory damages and punitive damages as authorized by law and require department and, as necessary the State of Illinois to transfer the Plaintiff to an state agency other than IDFPR without further retaliation or disparate treatment in a similar position where Plaintiff could perform within the required medical accommodation.

D. Award Ms. Edwards compensatory damages in accordance with Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981 (b) (Supp.1994).

E. Award Ms. Edwards compensatory damages in accordance with Section 704(a) of the Civil Rights Act Title VII as amended, 1964. Award Ms. Edwards such other and further relief as this Court deems necessary and appropriate; and upon future engagement of an Attorney to further represent Ms. Edward's claims, award her costs and/or attorney fees in this action.

VI.    PLAINTIFF DEMANDS A JURY TRIAL   X YES

CERTIFICATION

By signing this Complaint, I certify that the facts stated in this complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this _17_ day of _Feb_, 2012

_(signature)_
(Signature of plaintiff)

FASCIA EDWARDS
(Print Name)

P.O. BOX 6495, CHICAGO, IL 60680
(ADDRESS)