IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISON

FASCIA EDWARDS,                        )
                                       )
                                       )
                    Plaintiff,         )
                                       )     No. 12 CV 00371
        v.                             )     Hon. Judge Aspen
                                       )
ILLINOIS DEPARTMENT OF FINANCE         )
PROFESSIONAL REGULATIONS, et al.,      )
                                       )
                                       )
                                       )
                                       )
                    Defendant.         )

## FOURTH AMENDED COMPLAINT

Plaintiff, FASCIA EDWARDS, by and through her attorneys the Barclay Law Group, P.C., states for her Complaint against Defendant ILLINOIS DEPARTMENT OF FINANCE AND PROFESIONAL REGULATION, et.al. as follows:

### JURISDICTION AND VENUE

1.      Plaintiff brings this action under the Americans with Disabilities Act of 1990, 42 U.S.C. 12101 et seq. (hereafter "ADA") and the Americans with Disabilities Amendment Act of 2008 (hereafter "ADA Amendment Act"),Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII'),  retaliation under Title VII enabling provisions  of 703(a)1;2(b) and 704(a), 42 U.S.C 1983 and 1988; Sec 504 of the Rehabilitation Act of  1973 and Age Discrimination of  1988 as amended, 29 USC§ 629 633(c) contained within Fair Labor  Standards Act of 1938 (U.S.C. 201-19 et.seq). Jurisdiction is conferred for

1

the Title VII claims by 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), and 42 U.S.C. §2000e-5(f)(3). Jurisdiction for the Age Discrimination in Employment Act ("ADEA") claim is conferred by 42 U.S.C. §12117.

2.     This Court has supplemental jurisdiction over Plaintiff's Illinois common law claims pursuant to 28 U.S.C.§1367.

3.     Venue is proper in this judicial district under 28 U.S.C. § 1391 because the events that gave rise to this Complaint occurred in this district.

4.     On or about February 6, 2009 and amended on October 11, 2011, Plaintiff filed a timely charge of race, sex, disability, hostile work environment and retaliation in violation of the Title VII of the Civil Rights Act with the local district office of the EEOC against the Illinois Department of Finance and Professional Regulation State of Illinois.

5.     On October 18, 2011, the EEOC issued its Notice of Right to Sue regarding this charge, a copy of which is attached hereto as Exhibit "A".

6.     On September 29, 2011, Plaintiff filed another timely continuing action charge of race, sex, and retaliation discrimination in violation of the ADA, Title VII of the Civil Rights Act 1964 as amended and enabling provisions under Section 703(a)1; 2(b) and 704(a) with the local district office of the EEOC against the Illinois Department of Finance and Professional Regulation State of Illinois. On November 4, 2011, the EEOC issued its Notice of Right to Sue regarding this charge, a copy of which is attached hereto as Exhibit "B".

7.     On September 19, 2011, Plaintiff filed a charge of discrimination with the Illinois Department of Human Rights against the Illinois State Retirement System, in which Plaintiff alleged discrimination based on race,

2

retaliation, age and disability. On September 29, 2011, the EEOC sent Plaintiff a Notice of Right to Sue letter regarding this charge. (A copy of the Notice of Right to Sue letter regarding the charge against the Illinois State Retirement System is attached hereto as Exhibit "C".) However, the Notice of Right to Sue letter was returned to the EEOC on October 4, 2011 and never resent to Plaintiff. (A copy of the envelope containing the Notice of Right to Sue letter regarding the charge against the Illinois State Retirement System is attached hereto as Exhibit "D".)

8.    This action was timely filed.

## PARTIES

9.    Plaintiff, FASCIA EDWARDS (hereafter "Plaintiff or Plaintiff Edwards"), is an African American female, born on December 3, 1951, and resided in City of Chicago, Cook County, Illinois, at all times relevant to this action was a state certified full time employee.

10.    Defendant, ILLINOIS DEPARTMENT OF FINANCE AND PROFESIONAL REGULATION STATE OF ILLINOIS, et.al.  IDFPR (hereafter "IDFPR"), is and was at all relevant times a government agency and department of the State. IDFPR created pursuant to Illinois statute 20 ILCS 5115 is a government agency and department and that it is governed under the Illinois Department of Human Rights. The IDFPR has continuously been a unit of government of the State of Illinois established pursuant to the laws of the State of Illinois and at all times relevant has employed about 1000 employees, and maintains a principal office in Springfield and Chicago, Illinois.

3

11.     Defendant, ILLINOIS STATE RETIREMENT SYSTEM (hereafter "ISRS"), is and was at all relevant times a government agency and department of the State. ISRS was created pursuant to Illinois statute 20 ILCS 5115 is a government agency and department and that it is governed under the Illinois Department of Human Rights. The ISRS has continuously been a unit of government of the State of Illinois established pursuant to the laws of the State of Illinois and at all times relevant has employed about 1000 employees, and maintains a principal office in Springfield and Chicago, Illinois.

## FACTS COMMON TO ALL COUNTS

12.     Plaintiff Edwards began her state employment with Department of Human Services on November 3, 2003. On December 1, 2008, Plaintiff Edwards was transferred in lieu of layoff to the Department of Finance and Professional Regulations, State of Illinois.

13.     Plaintiff's last position with IDFPR was Executive I within its Department of Finance and Professional Regulation that began December 1, 2008 and ended July 9, 2009.

14.     Plaintiff's job performance at all relevant times met or exceeded IDFPR's legitimate expectations. Plaintiff Edwards received a Distinguished Service Award from her work performed at the Department of Human Services for over five years.

15.     On June 22, 2009, Plaintiff suffered a workplace back injury and immediately sought emergency medical attention while at work.

16.     Plaintiff timely reported her workplace injuries to her superiors.

17.     After seeking medical care, Plaintiff Edwards' initial diagnosis was a

4

herniated lumbar disk and radiculopathy injury. Subsequent MRI lumbar spine diagnosis showed a musculoskeletal moderate-to-severe degenerative disk disease. Her Physician medical statement explains that Plaintiff's fibrous tissue that holds her disk in place has small tears in the disk. It is an impermanent injury that lies between adjacent lumbar intravertebral disk in the spine along with bilateral tingling in the lower extremities in the lower leg into the feet causing significant limitation in lumbar spinal movement. Plaintiff is restricted from stooping, lifting, climbing, bending, kneeling, crouching, crawling, and reaching functions.

18.     This is a "disability" as defined within the meaning of ADA. Plaintiff is a "qualified" individual with a musculoskeletal impairment that substantially limits one or more of her major life activities that has a permanent long term impact and prevents her from performing manual tasks that an average person can perform with little or no difficulty.

19.     On July 9, 2009, Plaintiff began a disability leave from work due to her back injury. Treatment received at Northwestern Rehabilitation Institute of Chicago concluded on March 30, 2013.

20.     On June 4, 2010, through her worker compensation attorneys, Plaintiff filed two Applications for Adjustment of claim with the IDFPR Workers Compensation Commission in connection with her workplace injury. On June 11, 2011, Industrial Commission 3-judge panel on appeal from IDFPR, ruled unanimously that job duties not found under Plaintiff position caused her to suffer a work related injury.

21.     In October 2010, Plaintiff's physician released her to return to work. Each month physician statements were submitted to the IDFPR and A&R SHARED SERVICES (Personnel arm of IDFPR) and continued beyond April 1, 2013 to be submitted. IDFPR has

failed to interact with the Plaintiff for reassignment to work.

22.    Plaintiff Edwards duly notified IDFPR of her release and her desire and ability to return to work in any position that she was qualified to perform the essential functions of with or without a reasonable accommodation.

23.    Plaintiff' was offered a job described within the CMS#104 Office of Legal Affairs, #13851-13-01-500-40-01, which did not include manual labor and heavy lifting. However, the job Plaintiff was assigned to by IDFPR was a file clerk. The job functions Plaintiff was forced to perform involved manual labor and heavy lifting which were *not* advertised by IDFPR nor approved by Illinois Central Management Services, Illinois A& R Shared Services, or The State Retirement Systems, State of Illinois.

24.    Plaintiff holds a B.A. from Northwestern University, MBA, Saint Xavier University and is working on her doctorate in Education. Plaintiff applied for over thirty (30) positions within the Illinois A&R Shared Services (the personnel arm of IDFPR) and also through the CMS Alternative Employment Program after Defendant was promised assistance. Plaintiff Edwards was denied reassignment even though she was qualified, met geographical area access and where she applied for jobs that demanded similar training to be performed as her CMS 104 Office of Legal Affairs position.

25.    To date, IDFPR has failed and refused to reinstate and/or recall Plaintiff back to work, and by this retaliatory act has thereby effectively terminated her employment. The action of her Defendant also constitutes reckless indifference toward Plaintiff's federally

protected rights as a qualified individual with a disability when it refused to make

reasonable accommodations for Plaintiff's known disability.

26.     ISRS has wrongly denied Plaintiff medical and retirement benefits.


## COUNT I: DISCRIMINATION BASED ON DISABILITY
## TITLE I OF THE ADA

27.     Plaintiff Edwards restates and fully incorporates into Count I her allegations set

forth in Paragraphs 1 through 26, above.

28.     The ADA makes it unlawful for an employer to discriminate against a

qualified individual on the basis of a disability in regard to discharge of employees, employee

compensation, job training and other terms, conditions, and privileges of employment, including

not making reasonable accommodations to the known physical and mental limitations of an

employee who is otherwise a qualified individual with a disability, and denying employment

opportunities to such a person.   See 42 U.S.C. § 12112(a) and (b)(5).

29.     At all relevant times, Plaintiff was "disabled" as defined under the ADA and

ADAAA, 42 U.S.C. § 12102(1); and under Section 504 of the Rehabilitation Act of 1973. She

provided the employer with a record of a substantial limiting impairment but IDFPR

discriminated against her because she was classified as having a disability. IDFPR under the

ADAAA, regarded Plaintiff as having a disability but took retaliatory actions prohibited by the

ADA.   At all relevant times, Plaintiff was a "qualified individual" as defined under the ADA.

See 42 U.S.C. § 12111(8) and under Section 504 of the Rehabilitation Act of 1973.

30.     As described above, IDFPR failed to reasonably accommodate Plaintiff's return to

7

work, and has failed to engage in the interactive process with her in order to determine whether any reasonable accommodation can be made in order to return her to work.

31.     IDFPR could have returned Plaintiff to work beginning in June 2010 and thereafter without undue hardship.

32.     IDFPR failed to reinstate and/or rehire Plaintiff because of her disability. On information and belief, IDFPR reinstated and/or rehired other non-disabled similarly situated employees.

33.     As a direct and proximate result of the IDFPR's illegal conduct as described above, Plaintiff has lost, and is expected to continue to lose, income in the form of wages and prospective retirement benefits, social security and other benefits in a sum to be proven at trial, and has suffered emotional pain, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

34.     The IDFPR knew that its acts as described above were prohibited by the ADA and ADAAA, or acted with reckless disregard to that possibility.

35.     ISRS has wrongly denied Plaintiff medical and retirement benefits.


    **WHEREFORE,** Plaintiff, FASCIA EDWARDS, respectfully requests that this Court enter judgment in her favor and against Defendants the ILLINOIS DEPARTMENT OF FINANCE AND PROFESIONAL REGULATION and the ILLINOIS STATE RETIREMENT SYSTEM and grant the following relief:

    A.     Order Defendants to make Plaintiff whole by paying her appropriate back pay and reimbursement for lost pension, social security and other benefits and out-of-

8

pocket expenses, plus pre-judgment interest in an amount to be shown at trial;

B.      Order Defendants to immediately reinstate Plaintiff to her former position or one comparable thereto; or, in the alternative, order IDFPR to pay her an appropriate amount of front pay; purge any personnel file disciplinary items as required under two year limitations of the CMS personnel policies and Union contract;

C.      Order Defendants to pay her compensatory damages in the maximum amount allowable under the law;

D.      Order Defendants to pay Plaintiff Edwards punitive damages in the maximum amount allowable under the law; and damages for intentional emotional distress;

E.      Order Defendants to pay her costs incurred in bringing this action, including, but not limited to, expert witness fees and reasonable attorneys' fees;

F.      Try all issues of fact to a jury; and,

G.      Grant such other relief as the Court deems just.


## COUNT II: AGE DISCRIMINATION IN VIOLATION OF THE ADEA

36.      Plaintiff Edwards restates and fully incorporates into Count II her allegations set forth in Paragraphs 1 through 26, above.

37.      The ADEA makes it illegal for an employer such as the IDFPR to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's age. See 29 U.S.C. § 623(a).

38.      The above-described acts and omissions by IDFPR were taken against Plaintiff

Edwards because of her age in violation of the ADEA.

39.     IDFPR treated similarly-situated, significantly younger employees more favorably than Plaintiff. Her Executive I CMS #104 Office of Legal Affairs, #13851-13-01-500-40-01 job functions were assigned to a younger worker while Plaintiff was given the work of a file clerk. This position held no opportunity for raises, promotion or advancement nor was the position change approved by CMS Personnel according to policy.

40.     As a direct and proximate result of IDFPR illegal age discrimination as described above, Plaintiff has suffered mental and physical pain and anguish, a loss of wages, including, but not limited to, salary, bonuses, a loss of employment benefits and other pecuniary and non-pecuniary damages.

41.     IDFPR knew that its acts as described above were prohibited by the ADEA, or acted with reckless disregard to that possibility.

42.     ISRS has wrongly denied Plaintiff's medical and retirement benefits.

**WHEREFORE,** Plaintiff, FASCIA EDWARDS, respectfully requests that this Court enter judgment in her favor and against Defendants the ILLNOIS DEPARTMENT OF FINANCE AND PROFESIONAL REGULATION and the ILLINOIS STATE RETIREMENT SYSTEM and grant the following relief:

A.     Order Defendants to make Plaintiff whole by paying her appropriate back pay and reimbursement for lost pension, social security and other benefits and out-of-pocket expenses, plus pre-judgment interest in an amount to be shown at trial;

B.     Order Defendants to pay Plaintiff an equal amount to A, above, as and for

10

liquidated damages under the ADEA;

  C.  Order Defendants to immediately reinstate Plaintiff to her former position or one comparable thereto; or, in the alternative, order IDFPR to pay her an appropriate amount of front pay; purge any personnel file disciplinary items as required under two year limitations of the CMS personnel policies and Union contract.

  D.  Order Defendants to pay her compensatory damages in the maximum amount allowable under the law;

  E.  Order Defendants to pay Plaintiff Edwards punitive damages in the maximum amount allowable under the law; and damages for intentional emotional distress.

  F.  Order Defendants to pay her costs incurred in bringing this action, including, but not limited to, expert witness fees and reasonable attorneys' fees;

  G.  Try all issues of fact to a jury; and,

  H.  Grant such other relief as the Court deems just.

## COUNT III: RACE AND SEX DISCRIMINATION IN VIOLATION OF TITLE VII

43.  Plaintiff Edwards restates and fully incorporates into Count III her allegations set forth in Paragraph 1 through 26 above.

44.  Title VII makes it illegal for an employer such as the IDFPR to discriminate or treat an employee unfavorably because she is of certain race or sex. IDFPR discriminated against the Plaintiff as an individual in the terms, conditions or privileges of employment on the basis of her race and sex.

45.  IDFPR terminated Plaintiff's employment, or failed to reinstate and/or rehire

11

her because of her race in violation of Title VII. The violations became so frequent and severe that it created a hostile, retaliatory and offensive work environment and resulted in adverse employment acts such as threats to her life, demotion and docked wages.

46.    On information and belief, IDFPR reinstated and/or rehired other non-African American, similarly-situated employees.

47.    On information and belief, IDFPR reinstated and/or rehired other male, similarly-situated employees.

48.    As a direct and proximate result of the IDFPR's illegal discrimination based on race and sex as described above, she has suffered mental and physical pain and anguish, a loss of wages, including, but not limited to, salary, bonuses, a loss of employment benefits and other pecuniary and non-pecuniary damages.

49.    IDFPR knew that its acts as described above were prohibited by Title VII, or acted with reckless disregard to her protected rights.

50.    ISRS has wrongly denied Plaintiff medical and retirement benefits.


**WHEREFORE,** Plaintiff, FASCIA EDWARDS, respectfully requests that this Court enter judgment in her favor and against Defendants the ILLNOIS DEPARTMENT OF FINANCE AND PROFESIONAL REGULATION and the ILLINOIS STATE RETIREMENT SYSTEM and grant the following relief:

A.    Order Defendants to make Plaintiff whole by paying her appropriate back pay and reimbursement for lost pension, social security and other benefits and out-of-pocket expenses, plus pre-judgment interest in an amount to be shown at trial;

12

B.      Order Defendants to immediately reinstate Plaintiff to her former position or one comparable thereto; or, in the alternative, order IDFPR to pay her an appropriate amount of front pay; purge any personnel file disciplinary items as required under two year limitations of the CMS personnel policies and Union contract.

C.      Order Defendants to pay her compensatory damages in the maximum amount allowable under the law;

D.      Order Defendants to pay Plaintiff Edwards punitive damages in the maximum amount allowable under the law; and damages for intentional emotional distress;

E.      Order Defendants to pay her costs incurred in bringing this action, including, but not limited to, expert witness fees and reasonable attorneys' fees;

F.      Try all issues of fact to a jury; and,

G.      Grant such other relief as the Court deems just.

### COUNT IV:  RETALIATORY DISCRIMINATION UNDER SECTION 504 OF THE REHABILITATION ACT, OF 1973 29 U.S.C. § 794 (1994) AND IDFPR ET.AL. COMMON LAW AND PUBLIC POLICY

51.     Plaintiff restates and fully incorporates into Count IV her allegations set forth in Paragraphs 1 through 26, above.

52.     Sec 504 of the Rehabilitation Act of 1973 states that no otherwise qualified individual with a disability in the United States, as defined in Section 705 (20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any

13

Executive agency responsible for regulatory operations for the State.

53.  IDFPR, et.al., an Executive Agency of the State of Illinois and through The State Plan, participates in interagency cooperation with, and utilization of the services and facilities of, federal, state, and local agencies and programs.

54.  IDFPR et.al. knew or should have known that its acts as described above were prohibited by Sec 504 of the Rehabilitation Act but acted with reckless indifference toward Plaintiff's federally protected rights when it took retaliatory acts against her instead of affirmative actions to advance her employment to similarly situated positions.

55.  IDFPR et.al., must make Plaintiff Edwards whole due to abrogation of her CMS #104 Office of Legal Affairs job duties as defined in that position. Her subsequent assignment to file room work duties was not approved and violated CMS Personnel Rules, public policy and Sec 504 of the Rehabilitation Act.

56.  ISRS has wrongly denied Plaintiff medical and retirement benefits.

**WHEREFORE,** Plaintiff, FASCIA EDWARDS, respectfully requests that this Court enter judgment in her favor and against Defendants the ILLINOIS DEPARTMENT OF FINANCE AND PROFESIONAL REGULATION and the ILLINOIS STATE RETIREMENT SYSTEM, and grant the following relief:

A.  Order Defendants to make Plaintiff whole by paying her appropriate back pay and reimbursement for lost pension, social security and other benefits and out-of-pocket expenses, plus pre-judgment interest in an amount to be shown at trial;

B.  Order Defendants to immediately reinstate Plaintiff to her former position or

14

one comparable thereto; or, in the alternative, order IDFPR to pay her an appropriate amount of front pay; purge any personnel file disciplinary items as required under two year limitations of the CMS personnel policies and Union contract.

        C.      Order Defendants to pay her compensatory damages in the maximum amount allowable under the law;

        D.      Order Defendants to pay Plaintiff Edwards punitive damages in the maximum amount allowable under the law; and damages for intentional emotional distress;

        E.      Order Defendants to pay her costs incurred in bringing this action, including, but not limited to, expert witness fees and reasonable attorneys' fees;

        F.      Try all issues of fact to a jury; and,

        G.      Grant such other relief as the Court deems just.

## COUNT V: RETALIATORY DISCHARGE IN VIOLATION OF THE ILLINOIS WORKERS' COMPENSATION ACT, COMMON LAW AND PUBLIC POLICY

57.   Plaintiff Edwards restates and fully incorporates into Count IV her allegations set forth in Paragraphs 1 through 26, above.

58.   Plaintiff's filing of her Workers' Compensation claim against IDFPR, and all activities she performed related to and in conjunction with filing the claim were activities protected by the Worker's Compensation Act, 820 ILCS 305/1 *et seq.* (the "Act").

59.   IDFPR was aware of each of these aforementioned activities within a short

15

time after they occurred but took retaliatory actions against her because she filed for medical recovery under the Act.

60.  Plaintiff suffered several threats to her life and safety. The violations became so frequent and severe that it created a hostile, retaliatory and offensive work environment and resulted in adverse employment acts such as threats to her life, demotion and docked wages.

61.  Plaintiff's protected activities under the Act were a motivating factor behind IDFPR' decision to terminate her employment, or refusal to reinstate and/or rehire her.

62.  As such, the IDFPR' termination of her employment, or refusal to reinstate and/or rehire her was causally related to her protected activities under the Act.

63.  Defendant's termination of Plaintiff Edwards' employment, or refusal to reinstate and/or rehire her was therefore an illegal retaliatory discharge in contravention of public policy as set forth in the Act.

64.  As a direct and proximate result of Defendant's illegal termination of her employment, or refusal to reinstate and/or rehire, Plaintiff has suffered a loss of income in the form of wages and prospective retirement and medical benefits, social security and other employment benefits, emotional pain, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, and she is expected to incur future damages.

65.  The above-described conduct by Defendant was willful and wanton, and with reckless disregard and indifference to the law and the public policy of Illinois, and to Plaintiff

16

Edwards' protected rights. Defendant should therefore be subject to punitive damages as an example to deter others from engaging in conduct of this kind.

**WHEREFORE,** Plaintiff, FASCIA EDWARDS, respectfully requests that this Court enter judgment in her favor and against Defendant the ILLNOIS DEPARTMENT OF FINANCE AND PROFESIONAL REGULATION, and grant the following relief:

A.      Order Defendant to make Plaintiff whole by paying her appropriate back pay and reimbursement for lost pension, social security and other benefits and out-of-pocket expenses, plus pre-judgment interest in an amount to be shown at trial;

B.      Order Defendant to immediately reinstate Plaintiff to her former position or one comparable thereto; or, in the alternative, order IDFPR to pay her an appropriate amount of front pay; purge any personnel file disciplinary items as required under two year limitations of the CMS personnel policies and Union contract.

C.      Order Defendant to pay her compensatory damages in the maximum amount allowable under the law;

D.      Order Defendant to pay Plaintiff Edwards punitive damages in the maximum amount allowable under the law; and damages for intentional emotional distress;

E.      Order Defendant to pay her costs incurred in bringing this action, including, but not limited to, expert witness fees and reasonable attorneys' fees;

F.      Try all issues of fact to a jury; and,

G.      Grant such other relief as the Court deems just.

**VI.      <u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>**

17

66.     Plaintiff Edwards restates and fully incorporates into Count V her allegations set forth in Paragraphs 1 through 2 6 , above.

67.     Defendant's conduct was extreme and outrageous.

68.     Defendant intended to cause or recklessly or consciously disregarded the probability of causing emotional distress.

69.     Plaintiff suffered severe or extreme emotional distress.

70.     Defendant's conduct actually and proximately caused Plaintiff's emotional distress.

**WHEREFORE,** Plaintiff, FASCIA EDWARDS, respectfully requests that this Court enter judgment in her favor and against Defendant the ILLNOIS DEPARTMENT OF FINANCE AND PROFESIONAL REGULATION, and grant the following relief:

A.     Order Defendant to make Plaintiff whole by paying her appropriate back pay and reimbursement for lost pension, social security and other benefits and out-of-pocket expenses, plus pre-judgment interest in an amount to be shown at trial;

B.     Order Defendant to immediately reinstate Plaintiff to her former position or one comparable thereto; or, in the alternative, order IDFPR to pay her an appropriate amount of front pay; purge any personnel file disciplinary items as required under two year limitations of the CMS personnel policies and Union contract.

C.     Order Defendant to pay her compensatory damages in the maximum amount allowable under the law;

D.     Order Defendant to pay Plaintiff Edwards punitive damages in the maximum amount allowable under the law; and damages for intentional emotional distress;

18

       E.      Order Defendant to pay her costs incurred in bringing this action, including, but not limited to, expert witness fees and reasonable attorneys' fees;

       F.      Try all issues of fact to a jury; and,

       G.      Grant such other relief as the Court deems just.


Respectfully submitted,

FASCIA EDWARDS


By: _s/Terri Blanchard_
     One of her Attorneys


Terri Blanchard
The Barclay Law Group, P.C.
39 S. LaSalle, Suite 900
Chicago, IL 60603
(312)553-0123