IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISON

| | |
|---|---|
| FASCIA EDWARDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 12 C 371 |
| v. ) | Hon. Marvin Aspen |
| ) | |
| ILLINOIS DEPARTMENT OF FINANCE ) | |
| PROFESSIONAL REGULATIONS, et al. ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT'S UNOPPOSED GENERAL MOTIONS *IN LIMINE* NOS. 1-4**

Defendant, by and through its attorney, Lisa Madigan, Attorney General for Illinois, hereby moves this Honorable Court to enter the following orders *in limine* which are unopposed by Plaintiff:

**Motion *in limine* No. 1: Bar Witnesses from the Courtroom.**

1.  Defendant hereby requests that the Court enter an order barring any witnesses who may or will testify in this matter, other than parties to this action, from being present in the courtroom until after their full testimony is presented.

**Motion *in limine* No. 2: Admit Joint Exhibits.**

2.  Defendant hereby requests that the Court enter an order admitting all joint exhibits at the outset of the trial.

**Motion *in limine* No. 3: Bar Any Mention of Settlement Discussion or Negotiation.**

3.  Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements

made in compromise negotiations is likewise not admissible. Fed. R. Evid. 408.

Any comment or reference to any settlement negotiations including any offers of settlement, settlement demands, offers or compromise, the amounts of such offers or demands and any rejection of such offers or to prove or disprove the validity of the amount of a disputed claim or to impeach by a prior inconsistent statement or contradiction should be barred and no evidence or argument should be presented during the trial of this matter of any settlement negotiations and comments or statements made during the course of this litigation.

**Motion *in limine* No. 4: Allow Counsel to Communicate With the Jury After Verdict.**

4. Defendants move the Honorable Court to allow counsel for the parties to communicate with the jury after a verdict is entered in this matter.

**WHEREFORE**, based on the foregoing, the Defendants move this Honorable Court to enter the orders *in limine* as set forth above and for such further relief that the Court finds reasonable and just.

                                                    Respectfully Submitted,

LISA MADIGAN                             s/ *Kevin Lovellette*
Illinois Attorney General               Kevin Lovellette
                                                  Assistant Attorney General
                                                  General Law Bureau
                                                  100 W. Randolph Street, 13th Floor
                                                  Chicago, Illinois 60601
                                                  (312) 814-3720

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on March 16, 2017, he electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Northern District of Illinois using the CM/ECF system. All participants in the case are registered CM/ECF users who will be served by the CM/ECF system.

s/ *Kevin Lovellette*