IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISON

| | | |
|---|---|---|
| FASCIA EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 12 C 371 |
| v. | ) | Hon. Marvin Aspen |
| | ) | |
| ILLINOIS DEPARTMENT OF FINANCE | ) | |
| PROFESSIONAL REGULATIONS, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S MOTION *IN LIMINE* NO. 8
TO BAR ALL CLAIMS UNDER AND ANY REFERENCE TO CONDUCT THAT
OCCURRED MORE THAN 300 DAYS PRIOR TO PLAINTIFF'S EEOC CHARGE**

Defendant, by and through its attorney, Lisa Madigan, Attorney General for Illinois, hereby moves this Honorable Court to enter the following order *in limine*:

1. Plaintiff filed her EEOC charge on October 11, 2011. Final Pretrial Order, Def. Ex. 27.

2. Under the ADA, a charge of employment discrimination must be filed within 300 days of the alleged unlawful employment practice. 42 U.S.C. § 12117(a) (incorporating 42 U.S.C. § 2000e–5(e)(1)); *see, e.g.*, *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 637 (7th Cir. 2004) ("[A]n employee may sue under the . . . ADA only if [s]he files a charge of discrimination with the EEOC within 300 days of the alleged unlawful employment practice.").

3. Thus, when "a plaintiff does not file a charge concerning a discrete act of discriminatory conduct within 300 days of its occurrence, [her] claim is time-barred and [s]he may not recover." *Roney v. Ill. Dep't of Transp.*, 474 F.3d 455, 460 (7th Cir. 2007) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109-10 (2002)).

4. Because Plaintiff's claims are limited to 300 days prior to her filing, which is December 15, 2010, any action taken prior to that date should be barred for Plaintiff's failure to exhaust her administrative remedies.

5. Moreover, the alleged failure to accommodate or retaliate is a discrete act; therefore the continuing violation doctrine does not apply. *Teague v. N.W. Mem'l Hosp.*, 492 Fed. Appx. 680, 684 (7th Cir. Aug. 23, 2012) (unpublished); *see also Ortega v. Chi. Pub. Sch.*, 2015 WL 4036016 *10 (N.D. Ill. June 20, 2015) (Durkin, J.).

6. Accordingly, reference to any alleged conduct taken prior to December 15, 2010 should be barred from this action.

**WHEREFORE**, Defendant moves this Honorable Court enter an Order excluding evidence, testimony, or argument regarding any actions taken prior to December 15, 2010 for Plaintiff's failure to exhaust her administrative remedies, and for such further relief that the Court finds reasonable and just.

Respectfully Submitted,

LISA MADIGAN
Illinois Attorney General

s/ *Kevin Lovellette*
Kevin Lovellette
Assistant Attorney General
General Law Bureau
100 W. Randolph Street, 13th Floor
Chicago, Illinois 60601
(312) 814-3720

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on March 16, 2017, he electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Northern District of Illinois using the CM/ECF system. All participants in the case are registered CM/ECF users who will be served by the CM/ECF system.

s/ *Kevin Lovellette*