IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISON

| | | |
|---|---|---|
| FASCIA EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 12 C 371 |
| v. | ) | Hon. Marvin Aspen |
| | ) | |
| ILLINOIS DEPARTMENT OF FINANCE | ) | |
| PROFESSIONAL REGULATIONS, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S MOTION *IN LIMINE* NO. 9
TO LIMIT THE ADVERSE EMPLOYMENT ACTION TO "FAILURE/REFUSAL TO BRING PLAINTIFF BACK TO WORK", TO BAR THE CHARACTERIZATION AS THE "FAILURE/REFUSAL TO REHIRE" AND TO BAR ALL CLAIMS UNDER AND ANY REFERENCE TO DUPLICATIVE THEORIES OF RETALIATION**

Defendant, by and through its attorney, Lisa Madigan, Attorney General for Illinois, hereby moves this Honorable Court to enter the following order *in limine*:

1. In ruling on Defendant's Motion for Summary Judgment, the Court found that Plaintiff could proceed on her claim of retaliation under the Americans with Disabilities Act. Mem. Op. & Order at 22-24 (N.D. Ill. Sept. 22, 2016) (ECF No. 197).

2. The Court found that the adverse action was the "refusal to rehire Plaintiff." (*Id.* at 23). Thus, Defendant respectfully moves this Court to bar any evidence of, reference to, or argument that Plaintiff has suffered any adverse action other than the alleged refusal to bring her back to work.

3. Additionally, Defendant asks the Court to bar the characterization of the Plaintiff's adverse action as "a failure/refusal to *rehire*" because the Plaintiff has been continuously employed by the Defendant on an approved, extended leave of absence.

4.	Finally, Plaintiff claims that the accommodation she requested was to return to her position with Defendant. *See* Fourth Am. Compl. ¶ 25(ECF No. 44) (alleging that the only retaliatory act was the failure/refusal to reinstate or recall Plaintiff back to work). Plaintiff should be barred from claiming both that Defendant "failed to accommodate her" and "failed to return her to work." Making these duplicative retaliation claims would operate to mislead the jury, confuse the issues, be cumulative, and be prejudicial to Defendant. *See* Fed. R. Evid. 403.

5.	Accordingly, Defendant moves this Court to bar Plaintiff from asserting duplicative claims or theories of retaliation and limit Plaintiff to seeking relief for the alleged failure/refusal to bring Plaintiff back to work under Federal Rule of Evidence 403.

**WHEREFORE**, Defendant moves this Honorable Court enter an Order excluding evidence, testimony, or argument that Plaintiff was retaliated against in two separate ways, bar Plaintiff from asserting duplicative claims or theories of retaliation, bar Plaintiff from characterizing the adverse employment action as "a failure/refusal to rehire," and limit Plaintiff to seeking relief for the alleged failure/refusal to bring Plaintiff back to work, and for such further relief that the Court finds reasonable and just.

Respectfully Submitted,

LISA MADIGAN
Illinois Attorney General

s/ *Kevin Lovellette*
Kevin Lovellette
Assistant Attorney General
General Law Bureau
100 W. Randolph Street, 13th Floor
Chicago, Illinois 60601
(312) 814-3720

**CERTIFICATE OF SERVICE**

The undersigned certifies that on March 16, 2017, he electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Northern District of Illinois using the CM/ECF system. All participants in the case are registered CM/ECF users who will be served by the CM/ECF system.

s/ *Kevin Lovellette*