```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF ILLINOIS
                           EASTERN DIVISION
```

FASCIA EDWARDS,                        )
                                       )
       Plaintiff,               )
                                       )
       v.                       )       No. 12 C 00371
                                       )       Hon. Marvin E. Aspen
ILLINOIS DEPARTMENT OF FINANCIAL       )
AND PROFESSIONAL REGULATION, *et al.*, )
                                       )
       Defendants.              )

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

      Presently before us are four motions in limine filed by Plaintiff Fascia Edwards, (Dkt. No. 223), as well as nine motions in limine filed by Defendant Illinois Department of Financial and Professional Regulation ("IDFPR"), (Dkt. Nos. 209–214). For the reasons stated below, Plaintiff's motions in limine are granted, and Defendant's motions in limine are granted in part and denied in part.

## LEGAL STANDARD

      We have broad discretion, based on our "inherent authority to manage the course of trials," when ruling on evidentiary questions presented in motions in limine. *Luce v. United States*, 469 U.S. 38, 41 n.4, 105 S. Ct. 460, 463 n.4 (1984); *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). Rulings on motions in limine allow us to "eliminate from further consideration evidentiary submissions . . . [that] clearly would be inadmissible for any

purpose." *Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). For those evidentiary submissions that "cannot be evaluated accurately or sufficiently," we must "defer ruling until during trial." *Id.* Finally, a ruling on a motion in limine is "subject to change as the case unfolds," and so we reserve the option of revisiting our preliminary evidentiary determinations as appropriate at trial. *Luce*, 469 U.S. at 41, 105 S. Ct. at 463.

## ANALYSIS

### I. Plaintiff's Motions in Limine

Plaintiff's motions in limine seek to exclude evidence relating to: (1) the EEOC finding of no substantial evidence of discrimination in this case; (2) Plaintiff's claims that were dismissed at summary judgment; (3) Plaintiff's job performance, employment and disciplinary record; and (4) money Plaintiff has received from any collateral source, including workers compensation or unemployment benefits. (Dkt. No. 223 at 1–2.) Defendant does not oppose Plaintiff's motions in limine, and we therefore grant Plaintiff's motions.

### II. Defendant's Motions in Limine

#### A. Unopposed Motions

Defendant's first four motions in limine seek to: (1) bar all potential witnesses, except the parties, from being present in the courtroom until after their full testimony is presented; (2) admit all joint exhibits at the outset of trial; (3) bar any evidence relating to settlement discussions or negotiations; and (4) permit counsel for the parties to communicate with the jury after a verdict is entered in this matter. (Dkt. No. 209 at 1–2.) Plaintiff does not oppose these motions, and we therefore grant Defendant's first four motions in limine.

### B. Motion to Bar "Failure to Act" Claim

Defendant requests that we bar Plaintiff from arguing, as a separate claim under the American with Disabilities Act ("ADA"), that "Defendant refused to reasonably accommodate her return to work and failed to engage in the interactive process with her." (Dkt. No. 210.) Plaintiff agrees that "failure to interact" is not a separate claim, but that evidence of Defendant's alleged failure to act may be indicative of whether Defendant failed to reasonably accommodate her. (Dkt. No. 225 at 1–2.) An ADA claim may not be based solely on "the failure to engage in the interactive process," but such a failure is actionable where "it prevents identification of an appropriate accommodation for a qualified individual." *Basden v. Prof'l Transp., Inc.*, 714 F.3d 1034, 1039 (7th Cir. 2013) (citing *Rehling v. City of Chi.*, 207 F.3d 1009, 1016 (7th Cir. 2000)). We therefore grant Defendant's motion in limine. Plaintiff may not present evidence of an independent "failure to interact" claim. However, Plaintiff may introduce evidence relating to Defendant's alleged failure to engage in the interactive process, insofar as it is relevant to whether Defendant failed to reasonably accommodate her in violation of the ADA and otherwise admissible.

### C. Motion to Bar Evidence of Previously Dismissed Claims

Defendant also moves to exclude any evidence relating to Plaintiff's "previously-dismissed claims under Title VII for race and gender discrimination, under the Rehabilitation Act for disability discrimination, and under the ADA for failure to reinstate/hire." (Dkt. No. 211 at 1.) Defendant further argues that "any mention of actions associated with those claims" should be barred, as those actions are not relevant and would mislead the jury. (*Id.*) For example, Defendant contends we should exclude "Plaintiff's administrative charges, the posting of 'REDRUM' on the door of her office area; being assigned to a different job than the one to

which she applied; her supervisor keeping a 'secret journal' regarding her conduct; her working in a hostile environment; and her emotions regarding these issues and any medical treatment she sought because of these issues." (*Id.* at 2.)

Plaintiff opposes Defendant's motion only insofar as it relates to "the issue of Plaintiff being assigned to a different job than the one to which she applied." (Dkt. No. 226 at 1.) Plaintiff alleges that the position she originally applied to "did not include manual labor and heavy lifting," and that the position Defendant assigned her to was in fact a "file clerk" position that "involved manual labor and heavy lifting." (Fourth Am. Compl. ¶ 23.) Plaintiff argues that evidence concerning whether she "was assigned to a different job than the one she to which she applied" is central to determining whether she could perform her job "with or without reasonable accommodations"—that is, whether she is a "qualified individual" within the meaning of 42 U.S.C. 12112(a)(5). (Dkt. No. 226 at 1–2.) We found at summary judgment that there was a genuine issue of material fact as to whether Plaintiff is an "otherwise qualified" individual. *Edwards v. Ill. Dep't of Fin. and Prof'l Regulation*, 210 F. Supp. 3d 931, 945–46 (N.D. Ill. 2016). We therefore grant Defendant's motion in part and deny it in part. Plaintiff may not present evidence of her previously dismissed claims and the allegations associated with them. Plaintiff may, however, present evidence of being assigned to a different job than the one to which she applied to the extent it is relevant to whether she is a "qualified individual" under the ADA. 42 U.S.C. § 12111(8).

**D.      Motion to Exclude Equitable Remedies Evidence**

Defendant moves to exclude the presentation of evidence regarding equitable remedies, such as back wages, to the jury. (Dkt. No. 212.) Plaintiff argues, however, that we should "empanel the jury as an advisory jury on the issue of back and front pay," so that they jury could

4

hear evidence on such damages and make advisory findings. (Dkt. No. 227 at 1–2.) Defendant is correct that equitable remedies are to be decided by the court, as opposed to the jury. *Pals v. Schepel Buick & GMC Truck, Inc.*, 220 F.3d 495, 500–01 (7th Cir. 2000). However, we may empanel an advisory jury on matters generally not triable of right by a jury, including equitable remedies, pursuant to Federal Rule of Civil Procedure 39(c). *Id.* at 501. We find no compelling reason to do so here. Contrary to Plaintiff's contention otherwise, withholding evidence of equitable remedies from the jury's consideration will not result in "one trial on liability, and then another on damages." (Dkt. No. 227 at 1.) Instead, we may simply "hold in abeyance [our] determination regarding Plaintiff's entitlement to back pay and/or front pay until after the jury resolves issues of liability." *Williams v. Lovchik*, No. 1:09 C 1183, 2012 WL 2930773, at *1 (S.D. Ind. July 18, 2012); *see also Dixon v. Don Allen Auto City*, No. 07–1060, 2009 U.S. Dist. LEXIS 579, at *2–5 (W.D. Pa. Jan. 7, 2009) (same). Accordingly, we grant Defendant's motion in limine to exclude any evidence of equitable remedies at trial.

### E. Motion to Exclude Evidence of Conduct Prior to October 11, 2011

Defendant requests we exclude "reference to any alleged conduct taken prior to December 15, 2010," because a charge of employment discrimination must be filed with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the alleged unlawful practice, and Plaintiff filed her EEOC charge on October 11, 2011. (Dkt. No. 213 at 1–2.) Plaintiff acknowledges that she "cannot recover for discrimination suffered more than 300 days prior to her filing the EEOC charge or prior to December 15, 2010," but argues that she "should not be barred from presenting evidence that occurred prior to December 15, 2010 which shows Defendant's knowledge of her disability, its failure to engage in the interactive process, Plaintiff's request for an accommodation, or her ability to work with a reasonable

5

accommodation." (Dkt. No. 228 at 1.)  To the extent that conduct outside of the actionable time period is relevant, Plaintiff may rely on it in support of her timely claim.  *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113, 122 S. Ct. 2061, 2072 (2002) (holding in the context of a Title VII employment discrimination claim that an employee may use untimely "prior acts as background evidence in support of a timely claim"); *see also Grant v. Murphy & Miller, Inc.*, 149 F. Supp 2d 957, 967 (N.D. Ill. 2001) (finding that conduct that occurs more than 300 days prior to the filing of an EEOC charge may still be relevant, and thus admissible).  We therefore deny Defendant's motion in limine to exclude evidence of any conduct that occurred more than 300 days prior to Plaintiff's EEOC charge.

  **F.**  **Motion to Bar Duplicative Theories of Retaliation**

In its final motion in limine, Defendant moves to: (1) exclude evidence or argument that "Plaintiff has suffered any adverse action other than the alleged refusal to bring her back to work;" because we "found that the adverse action was the 'refusal to rehire Plaintiff'"; (2) "bar the characterization of Plaintiff's adverse action as a 'failure/refusal to *rehire*'" because the Plaintiff has been continuously employed by the Defendant on an approved, extended leave bases; and (3) bar Plaintiff "from claiming both that Defendant 'failed to accommodate her' and 'failed to return her to work.'"  (Dkt. No. 214 at 1–2 (emphasis in original).)  Plaintiff argues in response that: (1) Defendant's alleged failure to provider her accommodation is an adverse action such that she may present evidence on that claim; (2) she should be permitted to characterize her adverse employment action as a failure to rehire because "the Court has already determined that Defendant refused to rehire her"; and (3) she is permitted to claim that Defendant failed to accommodate her, as she also has a pending ADA claim for failure to accommodate. (Dkt. No. 229 at 1–2.)

6

First, an allegation of failure to accommodate "cannot serve as an adverse action for an ADA retaliation claim because it merely restates an underlying failure to accommodate claim." *Moore-Fotso v. Bd. of Educ. of the City of Chi.*, 211 F. Supp 3d 1012, 1037–38 (N.D. Ill. 2016) (collecting cases). Accordingly, Plaintiff may not introduce evidence of Defendant's alleged "failure to accommodate" as a separate and distinct adverse action for purposes of her ADA retaliation claim. Second, while we agree that the plain meaning "rehire" and "reinstate" are different, Plaintiff may accurately characterize Defendant's alleged actions as "rehiring." "[R]ehire means to again 'engage the labor or services of another for wages.'" *Mukite v. Advocate Health and Hosps. Corp.*, No. 15 C 7604, 2016 Wl 4036755, at *4 (N.D. Ill. July 28, 2016) (quoting *Hire*, Black's Law Dictionary (10th ed. 2014)). To "reinstate" means to "place again in a former state, condition, or office." *Id.* That is, "[r]einstatement . . . is a form of rehiring, but rehiring is not limited to reinstatement." *Id.* Plaintiff may thus use the broader term of "rehire" to characterize Defendant's alleged adverse action. Third, we found at summary judgment that there remain genuine issues of material fact on Plaintiff's claim that Defendant failed to provide her reasonable accommodations, as well as on her retaliation claim based on Defendant's refusal to reinstate her. *Edwards*, 210 F. Supp. 3d at 946–47. Accordingly, Plaintiff may present evidence that Defendant both failed to provide a reasonable accommodation and failed to return her to work. Defendant's final motion in limine is thus granted in part and denied in part.

## CONCLUSION

For the foregoing reasons we grant Plaintiff's unopposed motions in limine, and grant in part and deny in part Defendant's motions in limine. It is so ordered

_____
Marvin E. Aspen
United States District Judge

Dated: May 22, 2017
　　　　Chicago, Illinois