IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FASCIA EDWARDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 12 C 371 |
| v. ) | |
| ) | Magistrate Judge |
| ILLINOIS DEPARTMENT OF ) | Maria Valdez |
| FINANCE PROFESSIONAL ) | |
| REGULATIONS, et al, ) | |
| ) | |
| Defendants. | |

## REPORT AND RECOMMENDATION

Maria Valdez, Magistrate Judge.

Before the Court is Plaintiff's Motion to Enforce the Settlement Agreement [Doc. No. 270]. For the reasons that follow, the Court recommends that the District Judge deny Plaintiff's motion.

## BACKGROUND

Plaintiff Fascia Edwards brought suit against Defendants Illinois Department of Finance Professional Regulations ("IDFPR") and individually named employees, alleging age, disability, and employment discrimination. Pursuant to a settlement agreement entered by the parties on April 10, 2018, Plaintiff filed a stipulation of dismissal [Doc. No. 262]. The case was dismissed with prejudice and without leave to reinstate on April 11, 2018 [Doc. No. 264]. Plaintiff alleges that Defendants have breached the parties' agreement and requests that the Court enter

an order compelling Defendant IDFPR to verify her employment dates per the agreement and calculate the plan benefits based on her approved termination dates. Defendants object on jurisdictional grounds and also assert that there is no basis for the relief sought.

## DISCUSSION

A district court has "the inherent or equitable power summarily to enforce an agreement to settle a case before it." *Voso v. Ewton*, No. 16-CV-190, 2017 WL 365610, at *2 (N.D. Ill. Jan. 25, 2017) (internal citation omitted). However, if a case has been dismissed with prejudice, "it is gone, and the district court cannot adjudicate disputes arising out of the settlement that led to the dismissal merely by stating that it is retaining jurisdiction." *Id.*; *see also Lynch, Inc. v. SamataMason Inc.*, 279 F.3d 487, 489 (7th Cir. 2002). The court must have either retained jurisdiction to enforce the settlement agreement or possess an independent basis for subject-matter jurisdiction. *Voso*, 2017 WL 365610 at *2. A settlement agreement is a contract, and as such, the construction and enforcement is governed by state contract law. *Id.*

This case is closed. It was dismissed more than a year ago and jurisdiction was not retained. Moreover, there is no independent basis for federal subject-matter jurisdiction, as the only remaining issue is a breach of the settlement agreement. *See* 28 U.S.C. § 1332. A violation of the settlement agreement in this case would constitute a breach of contract remediable only under state law and in state court.

*See McCall-Bey v. Franzen*, 777 F.2d 1178, 1188 (7th Cir. 1985). Because there is no basis for jurisdiction, Plaintiff's motion should be denied.

## CONCLUSION

For the foregoing reasons, the Court respectfully recommends that the District Court deny Plaintiff's Motion to Enforce the Settlement Agreement [Doc. No. 270]. Counsel has fourteen days from the date of service of this Court's Report and Recommendation to file objections with the District Court. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). Failure to object constitutes a waiver of the right to appeal. *Tumminaro v. Astrue*, 671 F.3d. 629, 633 (7th Cir. 2011).

**SO ORDERED.**            **ENTERED:**

**DATE:**    May 10, 2019

                                               **HON. MARIA VALDEZ**
                                               **United States Magistrate Judge**